Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7868 | **DATE** | November 14, 2011 |
| **CASE TITLE** | U.S. ex rel. Tyrone Gill (#N-10443) v. Dave Rednour | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to proceed *in forma pauperis* [#3] is denied, as Petitioner has made an inadequate showing of indigence. However, as Petitioner has paid the statutory filing fee, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied as premature.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Tyrone Gill, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2005, Cook County, Illinois, conviction for first degree murder. (Cook County Criminal Court No. 04 CR 17326). Petitioner alleges that the trial and appellate courts committed violations of his right to due process, and ineffective assistance of trial and appellate counsel, .

Petitioner has paid the statutory filing fee. Petitioner has also filed an application to proceed *in forma pauperis*, however, that motion is denied for lack of adequate showing of indigence. Petitioner's financial affidavit reveals that he has a current balance of $50.55 in his prison trust account, and that over the last six months he has had average deposits of $51.31 per month. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions and has done so.

Petitioner indicates that he has exhausted state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th

AWL

| STATEMENT (continued) |
|---|

Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

     Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

*James F. Holderman*